## BRINCEFIELD, HARTNETT & ASSOCIATES, P.C.

### v.

## BILLY C. NEWBOLD, ET AL.

Record No. 920232

January 8, 1993

Present: Carrico, C.J., Compton, Whiting, Lacy, Hassell, and Keenan, JJ., and Poff, Senior Justice

*Bruce L. Adelson (Brincefield, Hartnett & Associates*, on briefs), for appellant.

*George LeRoy Moran (Kellogg, Krebs & Moran*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this case we consider whether the trial court properly granted the defendants' motion to strike the plaintiff's evidence for plaintiff's failure to prove its corporate existence.

In August 1991, the law firm of Brincefield, Hartnett & Associates, P.C., filed a motion for judgment to recover unpaid attorneys' fees from William C. Newbold, Billy C. Newbold, and Elwanda J. Newbold (collectively, Newbold). At the conclusion of the law firm's case, the trial court granted Newbold's motion to strike the law firm's evidence on the ground that the law firm had failed to establish its corporate existence. The trial court then denied the law firm's motion to reconsider that ruling and dismissed the case with prejudice. We awarded the law firm an appeal.

When considering a motion to strike a plaintiff's evidence, the trial court, and this Court, are guided by the same principle: the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the plaintiff. *Costner* v. *Lackey*, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982). At trial, James C. Brincefield, Jr., testified that he was the president of ''Brincefield, Hartnett & Associates, P.C., which is a firm of attorneys located in Alexandria, Virginia;'' and that the law firm was the ''corporate successor of the law offices of James C. Brincefield, Jr. and Brincefield and Associates.''* This testimony identifies the law firm as a corporation operating in Virginia. Furthermore, Code § 13.1-544.1 authorizes the use of the abbreviation ''P.C.'' in the name of a legal entity ''to indicate that such corporation is duly organized under, and subject to, the provisions'' of the chapter on professional corporations.

In our opinion, based on Brincefield's testimony, the law firm established a *prima facie* case of its corporate existence. Therefore, we hold that the trial court erred when it granted Newbold's motion to strike the law firm's evidence.

Accordingly, we will reverse the judgment of the trial court and will remand the case for further proceedings.

*Reversed and remanded.*

---

* While no trial transcript was submitted, the trial court's final order indicated that the affidavits of Mr. Brincefield and of the law firm's bookkeeper accurately restated and reflected the trial testimony of the affiants.